IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Avenue NW <br> Washington, DC 20530-0001, <br><br> Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice is an agency of the United States Government and is headquartered at U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On January 1, 2014, an apartment building exploded in the Cedar-Riverside neighborhood of Minneapolis, Minnesota, resulting in fourteen persons being injured, six of them critically. Three persons died.

6. According to record obtained by Plaintiff from the Bureau of Alcohol, Tobacco, Firearms, and Explosives and state and local agencies in Minnesota, the Federal Bureau of Investigation ("FBI"), a component of Defendant, was involved in some capacity in the subsequent investigation of the blast. In response to a FOIA request served by Plaintiff on the FBI, however, the FBI denied having any "investigative" records about the explosion. The FBI subsequently admitted that it did not search its databases for communications about its involvement in the investigation.

7. As a result, Plaintiff sent an additional FOIA request to the FBI on June 8, 2015 specifically seeking communications about the investigation. Plaintiff's request sought the following records:

    i. Any and all records of communication, including but not limited to emails and accompanying attachments, sent to or from FBI Minneapolis Field Office Special Agent in Charge Richard Thornton regarding, concerning or relating to the January 1, 2014 explosion and fire at the Cedar-Riverside apartment complex in Minneapolis, Minnesota.

        The time frame for the requested records in January 1, 2014 to the present date.

  ii.    Any and all records of communication, including but not limited to emails and accompanying attachments, sent to or from FBI Minneapolis Field Office Supervisory Special Agent Greg Boosalis regarding, concerning or relating to the January 1, 2014 explosion and fire at the Cedar-Riverside apartment complex in Minneapolis, Minnesota. The time frame for the requested records in January 1, 2014 to the present date.

  iii.    Any and all records of communication, including but not limited to emails and accompanying attachments, sent to or from FBI Minneapolis Media Coordinator Chief Division Counsel Kyle A. Loven regarding, concerning or relating to the January 1, 2014 explosion and fire at the Cedar-Riverside apartment complex in Minneapolis, Minnesota. The time frame for the requested records in January 1, 2014 to the present date.

The time frame for this request was identified as "January 1, 2014 to the present."

8.    By letter dated July 2, 2015, the FBI acknowledged receipt of the request and notified Plaintiff that it had assigned the request FOIPA Request No. 1257218-000.

9.    Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with the request within twenty (20) working days and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. Accordingly, Defendant's determination was due by July 31, 2015 at the latest.

10.    As of the date of this Complaint, Defendant has failed to make a determination about whether it will comply with Plaintiff's request, notify Plaintiff of any determination, or notify Plaintiff of its right to appeal any adverse determination to the head of the agency. Nor has Defendant produced any records responsive to the request, indicated when any responsive records will be produced, or demonstrated that responsive records are exempt from production.

11. Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA request, pursuant to 5 U.S.C. § 552(a)(6)(C).

### COUNT 1
(Violation of FOIA, 5 U.S.C. § 552)

12. Plaintiff realleges paragraphs 1 through 11 as if fully stated herein.

13. Defendant is violating FOIA by failing to conduct a search reasonably calculated to uncover all records responsive to Plaintiff's request and is unlawfully withholding records responsive to the request.

14. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply fully with FOIA.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to the request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  October 20, 2015                    Respectfully submitted,

                                                                   JUDICIAL WATCH, INC.

*/s/ James F. Peterson*
James F. Peterson
D.C. Bar No. 450171
425 Third Street SW, Suite 800
Washington, DC  20024
(202) 646-5172

*Counsel for Plaintiff*